UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SHAWN V. GONZALEZ,

                Plaintiff,

v.

                                Civil Action No. 3:18cv459

                                JURY DEMAND

SONNY PERDUE, SECRETARY, DEPARTMENT OF
AGRICULTURE,

                Defendant.

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFF'S SECOND AMENDED COMPLAINT

I, Shawn V. Gonzalez ("Plaintiff") as a *pro se* litigant, acknowledge the Defendant has admitted certain claims at this stage of the process, was precluded from offering a defense for others and waived his rights to provide a reply to other claims. Defendant, Secretary Sonny Perdue, in his official capacity, is liable for the actions of his subordinates. Therefore, I reiterate the allegations made in the Second Amended Complaint (SAC) and I once again offer the exhibits attached to the SAC as evidence.

### I.    INTRODUCTION

Defendant agrees that Counts 7, 8, 10 and 12 were properly brought, "...under the Rehabilitation Act." (Document 34, PageID #339)[1] Defendant states he, "...is not moving to dismiss Plaintiff's Rehabilitation Act claims in Counts 7, 8, 10, and 12." (Document 34, PageID #341)

---

[1] Defendant prefers to use Arabic numerals instead of the Roman numerals denominated in the Second Amended Complaint (SAC). Arabic numerals will be used for his convenience.

1

The Second Amended Complaint (SAC) contained, "Direct evidence demonstrating that the decisionmakers placed substantial negative reliance on an illegitimate criterion in reaching their decision." *See* Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); Venters v. City of Delphi, 123 F.3d 956, 972 (7th Cir. 1997) (direct evidence includes "evidence which in and of itself suggests" that someone with managerial authority was "animated by an illegal...criterion.") Defendant does not have a legal option that allows him to rebut direct evidence of Rehabilitation Act violations. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), direct evidence of discrimination precludes the Defendant from offering an affirmative defense.

## II.     STANDARD OF REVIEW

Federal Rules of Civil Procedures 8.

Federal Rules of Civil Procedures 12.

## III.    ARGUMENT

### A. DEFENDANT APPEARS TO CONCEDE TO COUNTS 7, 8, 10 AND 12 UNDER THE REHABILITATION ACT

Defendant states he, "...is not moving to dismiss Plaintiff's Rehabilitation Act claims in Counts 7, 8, 10, and 12." (Document 34, PageID #341) Defendant agrees that Counts 7, 8, 10 and 12 were properly brought, "...under the Rehabilitation Act." (Document 34, PageID #339)[2] The Second Amended Complaint (SAC) contained, "Direct evidence demonstrating that the decisionmakers placed substantial negative reliance on an illegitimate criterion in reaching their decision." *See* Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); Venters v. City of Delphi, 123 F.3d 956, 972 (7th Cir. 1997) (direct evidence

---

[2] Defendant prefers to use Arabic numerals instead of the Roman numerals denominated in the Second Amended Complaint (SAC). Arabic numerals will be used in this pleading for his convenience.

includes "evidence which in and of itself suggests" that someone with managerial authority was "animated by an illegal...criterion.")

### 1. COUNT 9 CLAIMS ARE TELEWORK DENIAL VIOLATIONS OF THE REHABILITATION ACT REGARDING SECTION 508 ENFORCEMENT

In his responsive pleading Defendant located and identified Count 9 – Violation of the Rehabilitation Act of 1973, as amended (29 U.S.C. 701 et seq.) claims. (Document 34, pg. 9)

Section 508(1)(A)(i) accessibility requirements explain Federal agencies shall ensure federal employees with disabilities have access to and use of information and data that is comparable to the access to and use of the information and data by Federal employees who are not individuals with disabilities. The relief I requested in the form of reasonable attorney's fees and the remedy of an Agency provided laptop and mobile phone for telework and or an alternative work location reasonable accommodation can be found in #115 of the prayer for relief.

### 2. COUNT 11 IS DEFENDANT'S RETALIATION IN THE FORM OF AN ALTERNATIVE WORK SCHEDULE DENIAL FOLLOWING HIS REPRISAL OF MY TELEWORK REQUEST

A defendant's desire to avoid accountability is not a determining factor for a plaintiff's right to file a federal lawsuit against him. Rather, "The content of the administrative charge determines the scope of a plaintiff's right to file a federal lawsuit." *See Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir. 2000). This Court must determine whether the charges I alleged in my complaint "reasonably relate[]" to my EEOC charges and the subsequent administrative investigation. *See Smith,* 202 F.3d at 247.

Discoverable evidence shows Defendant explaining how to prevent me from receiving reasonable accommodation requests in the form of telework and changing my work schedule.

3

The Defendant also included his motivation for obstructing my reasonable accommodation requests.

### B. DEFENDANT'S REQUEST FOR RULE 12(b)(6) DISMISSAL OF COUNTS 13 and 15 and RULE 12 (1)(6) MOTION TO DISMISS COUNT 14 UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 IS AN IMPROPER REQUEST FOR PARTIAL SUMMARY JUDGEMENT

Title VII and the Rehabilitation Act prohibit employers from retaliating against an individual because she has opposed a practice prohibited by those acts or participated in filing a charge of discrimination. *See* 42 U.S.C. 2000e-3(a); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997) (explain that retaliation claims under the Americans with Disabilities Act and Title VII are analyzed identically); 29 U.S.C. 294 (ADA and RA claims apply same standards).

Exhibits 7-13 are attached to the SAC. The exhibits were provided to this Court and the Defendant. The documents show my allegations and it is before this Court to determine *de novo* if the Agency failed to process my complaint as a mixed-case complaint. Further, the March 13, 2015 USDA Complaint No.: RD-201-00830 acknowledges, "In your correspondence, you dispute the articulation of the claims that were accepted for investigation in our Partial Acceptance and Amendment Letter, issued on December 23. 2014." The letter further states, "…the dismissal cannot be appealed until final action is taken by the Department on the remaining (ie., accepted) claims in the complaint. See 29 C.F.R. 1614.107(b)."

Defendant acknowledges Counts 13 – 15 are as follows:

- Count 13- Violation of Section 717 of the Civil Rights Act (42 U.S.C. 1981a);
- Count 14 – Participation Clause of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (Title VII);

- Count 15 – Opposition Clause of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (Title VII);

1. **Defendant inappropriately seeks to have his Rule 12(b)(6) motion to dismiss COUNT 13 - Violation of Section 717 of the Civil Rights Act (42 U.S.C. 1981a) and COUNT 15 – Opposition Clause of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (Title VII) converted into a Rule 56 motion for summary judgment.**

I have provided email communication and allegations located in the Defendant's copy of the Record of Investigation (ROI). I oppose the Defendant's attempt at summary judgement and this Court is not required to dismiss my claims or grant summary judgement when evidence is available upon discovery. To survive a motion to dismiss, the complaint must include sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of the alleged activity." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (internal quotation marks omitted).

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). On pg. 11 at para. #42 and pgs. 23-24 at para. #88 of the SAC, I incorporated my Fifth Amendment with (Counts 1- 6, formerly under the Fourteenth Amendment), Rehabilitation Act claims (Counts 7 – 12) and related evidence (Exhibits 1- 18) into my Title VII claims by reference. A denial must fairly respond to the substance of the allegation. *See* Fed. R. Civ. P. 8(b)(2)

In the argument and evidence, I accused State Director Basil Gooden[3] and GS 6-Single Family Housing Technician LeTonya Mann of violating the Civil Rights Act. I alleged Basil Gooden continually pressured me to consider racial discrimination charges in addition to my

---

[3] GS 15-State Director Basil Gooden was the ultimate decision maker concerning my hiring and termination. He was also my second-line supervisor.

5

Rehabilitation Act claims before he would entertain my disability complaints. I further allege I proceeded in opposing to acts of violating Title VII and participated in protecting the Title VII rights of Anne E. E. Herring and Sharidon Daniel with fear of retaliation and fear that doing so would further jeopardize me accessing benefits and services related to my disability rights. I allege that when I would not accuse Anne E.E. Herring and Sharidon Daniel of racial discrimination, Basil Gooden refused to grant me any of the reasonable accommodation requests I made him aware of.

Defendant mischaracterizes my Title VII claims of opposing racial discrimination and participating in opposing racial discrimination allegations. Defendant is responsible for the actions of his subordinates. It is Basil Gooden and LeTonya Mann that I accuse of Title VII racial discrimination. I have always accused these two employees of Title VII violations. I disagree with the Defendant's claim the I, "…plead myself" out of court.

2. **Defendant inappropriately seeks to have his Rule 12(b)(1) motion to dismiss Count 14 – Participation Clause of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (Title VII) converted into a Rule 56 motion for summary judgment.**

A defendant's desire to avoid accountability is not a determining factor for a plaintiff's right to file a federal lawsuit against him. Rather, "The content of the administrative charge determines the scope of a plaintiff's right to file a federal lawsuit." *See Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir. 2000).

Defendant raises an objection to Count 14 to suggest the subject-matter was under the wrong legal argument as it relates to jurisdiction. Accordingly, I oppose the Defendant's assertion that, "Plaintiff's Title VII claims (Counts 13-15) should be dismissed". (Document 34, PageID #339)

Appellate court stated Rule 8(c) primarily ensures the defendant cannot "lie behind a log" to ambush the plaintiff with an unexpected defense. **Rogers v. McDorman,** 521 F.3d 381, 385 (5th Cir. 2008). Instead, "To overcome the pretext burden shifting per McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Defendant must present argument and evidence that supports legitimate non-discriminatory reasons for termination relating to performance and conduct." I maintain that the Defendant's cited inappropriate conduct entries against me in the October 01, 2014 termination letter cannot be presented to this Court in a form considered admissible evidence that would support legitimate instances for my removal related to inappropriate conduct.

### C. COUNT 16 CIVIL SERVICE REFORM ACT SHOULD PROPERLY BE APPLIED UNDER THE REHABILTATION ACT AS A FAILURE TO USE REASSIGNMENT TO A VACANT POSITION AS A REASONABLE ACCOMMODATION IN VIOLATION OF SECTION 501 OF THE REHABILITATION ACT

The U.S. Supreme Court held reassignment can be a reasonable accommodation for employees with disabilities, see U.S. Airways, Inc. v. Barnett, 535 U.S. 391 (2002).

Title I includes reassignment as a potential required accommodation. See *Woodman v. Runyon*, 132 F.3d 1330, 1339 & n.9 (10th Cir. 1997). By incorporating the standards of Title I. into Section 504, Congress made sure that all employers governed by federal disability anti-discrimination law were subjected to the same requirement.

Under "Prayer For Relief" # 122 I wrote, "...involving loss of benefit of applying and being considered for the GS-13 Administrative Officer Job Announcement Number: VA-2014-4903, GS-13 Assistant to the State Director Job Announcement Number: DEU-VA-2015-0353 and the GS-12 Community Development Specialist Job Announcement Number: NEVA-15-0594 I move the Court to order a reconstruction of the application and hiring process.

7

### D. COUNTS 1 – 6 FOURTEENTH AMENDMENT CLAIMS ARE PROPERLY CORRECTED AND APPLIED UNDER THE FIFTH AMENDMENT

I oppose the Defendant's motion to have Counts 1 – 6 dismissed under Rule 12(b)(1). As a *pro se* litigant, I reiterate my Fourteenth Amendment allegations from the SAC under the Fifth Amendment. I move this Court to acknowledge that I have corrected Counts 1 – 6 by properly placing my claims under the Fifth Amendment to the Constitution of the United States of America. The allegations and evidence in exhibits remain the same. (SAC, para # 3 – 6 pg. 2 – 3, paras # 12, 13, 14, 18 and 21, page 6), (paras # 39, 40 pgs. 9-10, para. # 42 pg. 11), (paras. #46-68 pgs. 12-18, SAC, Exhibits 4, 5, 17 and 18), (Opp., Exhibit 19).[4] The corresponding relief is located on page 27 of the SAC under the heading "PRAYER FOR RELIEF". (SAC, paras. # 100 - 104, 107, 110 - 117, 120 - 121, and 123, pgs. 27-29)

Defendant and I agree that I was hired by the United States Department of Agriculture to work in Single Family Housing. I oppose the Defendant's statement that I, "…was employed as a Single-Family Housing "Loan Technician". (Document 34, PageID #338)[5]

On page 1 of the SAC, I alleged I was, "…employed as a Single-Family Housing ("SFH") Area Technician". On page 1 of the SAC, I further alleged under the heading, "I. STATEMENT OF FACTS" item #5(a) that, "…I applied to job announcement number MP-VA-14-4267A, Job Title: Single Family Housing Assistant/Single Family Housing Technician (Area Technician) as a Disabled Veteran with a 30% compensable disability rating from the Veterans Administration." (SAC, pg.1)

---

[4] Opposition to Defendant's Motion to Dismiss in Part Plaintiff's Second Amended Complaint, Exhibit: 19.

[5] References to the location of the Defendant's responses correspond to the document number and page identification information printed at the top of his ECF header.

Four documents (Exhibits 4, 5, 17, 18) in evidence attached to the SAC support my claim that I was employed as a Single-Family Housing Area Technician. The April 24, 2014 Tentative Selection Letter for Single Family Housing Technician was attached to the SAC that was provided to this Court and the Defendant. The document was signed by Human Resource Specialist Sharidon Daniel and states, "...you have been tentatively selected for the Single-Family Housing Technician, GS-1101, Grade 5 Step 1". (Exhibit 4) The May 28, 2014 Confirmation of Acceptance from State Director Basil Gooden was also provided to this Court and the Defendant. The document was signed by State Director Basil Gooden and states, "...to confirm your acceptance of our offer of permanent employment as an Area Technician, GS-1101-05". (Exhibit 5) The Position Description lists my official title as an "Area Technician" in block 15b. (Exhibit 17)

The Form AD435-Performance Plan, Progress and Appraisal Worksheet shows my position title as "Area Technician" in block number 2. Form AD435 was signed in agreement by the hiring official, State Director Basil Gooden on July 24, 2014, signed in agreement by my first-line supervisor, Anne E. E. Herring on July 23, 2014 and signed in agreement by me on August 18, 2014. (Exhibit 18)

Defendant does not offer contradicting evidence or argument that shows; (a) an offer of employment as a Loan Technician, (b) a confirmation of acceptance for a position as a Loan Technician, (c) an official position description that proves I was evaluated as a Loan Technician, or (d) proof that my conduct and performance was evaluated by agreed upon Loan Technician requirements and expectations.

In his reply, Defendant suggests my Fourteenth Amendment claims, Counts 1 – 6, should have been brought under the Fifth Amendment. While the Federal Government is covered by the

Fifth Amendment and the states by the Fourteenth Amendment, the effect is the same. *See* Hampton v. Mow Sun Wong, 426 U.S. 88, 100 (1976) (explaining that, "when there is no special national interest involved, the Due Process Clause has been construed as having the same significance as the Equal Protection Clause"); Block v. Hirsh, 256 U.S. 135, 159 (1921) (explaining that, "[t]he national government by the Fifth Amendment to the Constitution, and the states by the Fourteenth Amendment, are forbidden to deprive any person of 'life, liberty, or property, without due process of law'").

Defendant raises an objection to Count 9 "only" to point out that the title of the count referred to a remedy to a violation of the Rehabilitation Act.

Defendant raises an objection to Count 11 because he objects to my decision to use the terms "reprisal" and "retaliation".

Defendant waived his right to oppose the underlying Title VII allegations in Counts 13 and 15 and seeks "only" to have his Rule 12(b)(6) motion to dismiss Counts 13 and 15 converted into one for a Rule 56 summary judgment.

### E. DEFENDANT DISCRIMINATED AGAINST ME AND FAILED TO TERMINATE MY EMPLOYMENT UNDER THE TERMS AND CONDITIONS AGREED UPON AND REQUIRED BY LAW

I alleged the Defendant and I agreed to a; (1) career-conditional appointment, *See* 5 C.F.R. 315.803(a) states, "The agency shall utilize the probationary period as fully as possible to determine the fitness of the employee and shall terminate his services during this period if he fails to demonstrate fully his qualifications for continued employment. (2) One-year probationary period. *See* 5 C.F.R. 315.804(b) (Probation ends when the employee completes his or her scheduled tour of duty on the day before the anniversary date of the employee's appointment.)

(3) I allege the Defendant terminated my employment on October 01, 2014, approximately 115 days after my appointment on June 09, 2014 for discriminatory reasons.

I maintain that the Defendant's cited inappropriate conduct entries against me in the October 01, 2014 termination letter cannot be presented to this Court in a form considered admissible evidence that would support legitimate non-discriminatory instances for removal related to unacceptable performance. Likewise, I maintain that the Defendant's cited inappropriate conduct entries against me in the October 01, 2014 termination letter cannot be presented to this Court in a form considered admissible evidence that would support legitimate instances for removal related to unacceptable performance.

**CONCLUSION**

For the above reasons, I move this Court to order relief for Counts 7 – 12. I move this Court to recognize the Defendant failed to articulate a legitimate nondiscriminatory reason for termination regarding Counts 13, 14 and 15 under Title VII.

I further move this Court to acknowledge I corrected Counts 1 – 6 under the Fifth Amendment, Count 16[6] has been correctly brought under the Rehabilitation Act for a Violation of the Rehabilitation Act – Failure to Reassign to a Vacant Position and I oppose the Defendant's motion to dismiss Counts 17 – 18.

I reiterate the allegations made in the Second Amended Complaint (SAC) and I once again offer the exhibits attached to the SAC as evidence.

---

[6] Count 16 – Civil Service Reform Act of 1978 alleges details that are properly being applied as an intentional violation of the Rehabilitation Act of 1973

Dated: July 15, 2019

Respectfully Submitted,

By: *[signature]*

Shawn V. Gonzalez, Plaintiff
16127 Daybreak Lane
Beaverdam, Virginia 23015
(804) 971-1744

Shawn V. Gonzalez, Plaintiff
16127 Daybreak Lane
Beaverdam, VA 23015
(804) 971-1744

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFF'S SECOND AMENDED COMPLAINT** has been sent on this 15th day of July 2019 to the following:

Court Clerk for the Eastern District of Virginia:

    Court Clerk's Office
    Richmond Division
    701 East Broad Street
    Richmond, Virginia 23219
    **In-Person Filing**

Attorney for the Defendant:

    Jonathan Hambrick
    Suntrust Building
    919 East Main Street
    Suite 1900
    Richmond, VA 23219
    **USPS Certified Return Receipt**

Enclosures

1. July 15, 2019 OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFF'S SECOND AMENDED COMPLAINT.
2. Exhibit 19: Single Family Housing (Area Technician) Job Posting #MP-VA-14-4267A.
3. July 15, 2019 Local Rule 83.1(M) Certification.

Dated: July 15, 2019

Respectfully Submitted,

By: *[signature]*
Shawn V. Gonzalez, Plaintiff
16127 Daybreak Lane
Beaverdam, Virginia 23015
(804) 971-1744

1