## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**SHAWN V. GONZALEZ,**

>    **Plaintiff,**

**v.**                                                    **Civil Action No. 3:18cv459**

**TOM VILSACK,**[1]
*Secretary, Department of Agriculture,*

>    **Defendant.**

### <u>MEMORANDUM OPINION</u>

This matter comes before the Court on five motions (collectively, "the "Motions"):

(1)    *Pro Se* Plaintiff Shawn V. Gonzalez's Motion to Dismiss Defendant's Counterclaim, (ECF No. 42);

(2)    Gonzalez's Rule 54(b) Motion to Amend March 17, 2020 Order (the "Rule 54(b) Motion"), (ECF No. 43);

(3)    Gonzalez's Motion to Joinder Rehabilitation Act Claims to the Second Amended Complaint  (the "Motion to Joinder Rehabilitation Act Claims"), (ECF No. 48);

(4)    Gonzalez's Motion to Joinder Title VII Claims to the Second Amended Complaint  (the "Motion to Joinder Rehabilitation Act Claims"), (ECF No. 49); and,

(5)    Gonzalez's Motion for Leave to File Third Amended Complaint (the "Motion for Leave"), (ECF No. 54).

Defendant responded to Gonzalez's Motion to Dismiss Defendant's Counterclaim, Rule 54(b) Motion, Motion to Joinder Rehabilitation Act Claims, Motion to Joinder Title VII Claims,

---

[1] The Court substitutes Tom Vilsack in place of Sonny Perdue as Defendant in his official capacity as Secretary of the Department of Agriculture pursuant to Federal Rule of Civil Procedure 25(d).  Under Rule 25(d), "[a]n action does not abate when a public officer who is a party . . . ceases to hold office while the action is pending;" instead, "[t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

and Motion for Leave.  (ECF Nos. 45, 46, 50, 51, 55.)  Gonzalez replied to the Rule 54(b)

Motion, the Motion to Joinder Rehabilitation Act Claims, the Motion to Joinder Title VII

Claims, and the Motion for Leave.  (ECF Nos. 47, 52, 53, 56.)

These matters are ripe for adjudication.  The Court dispenses with oral argument because

the materials before it adequately present the facts and legal contentions, and argument would

not aid the decisional process.  The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[2]

For the reasons stated below, the Court will deny all five motions in their entirety.

## I.  Factual and Procedural History

### A.    Factual Background

Gonzalez pursues four remaining claims against Tom Vilsack, in his official capacity,

alleging disability discrimination during her time as an employee of the United States

Department of Agriculture ("DAG") between June 9, 2014, to October 1, 2014.

On June 9, 2014, DAG began to employ Gonzalez as a "Single Family Housing

Technician" in Rural Development.  (SAC ¶ 6, ECF No. 16.)  Gonzalez alleges that she "was a

qualified individual with a disability within the meaning of the Americans with Disabilities Act"

and that she was "a disabled veteran with a mental health designation . . . within the meaning of

the Rehabilitation Act."  (*Id.* ¶ 7.)

The Court offers a brief description of the factual basis for Gonzalez's claims, which the

Court construes liberally given that Gonzalez proceeds *pro se*.  *See Erickson v. Pardus*, 551 U.S.

89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

---

[2] "The district courts shall have original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Gonzalez, in her
surviving claims in the Second Amend Complaint, alleges that Vilsack violated the
Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701–796.

by lawyers.") (internal quotation marks and citations omitted).  Gonzalez alleges three types of discrimination.  First, Gonzalez posits that other DAG employees discriminated against her on the basis of her disability.  Gonzalez has a thirty (30) percent veteran's disability based on her mental health and personality disorder.  (*Id.* ¶¶ 5, 8.)  Specifically, she contends that "Defendant summarily denied all my reasonable accommodation requests" and made no attempts to otherwise "engage in the interactive process to determine what [her] mental health disability limitations involved."  (*Id.* ¶ 10.)  As to this disability claim, Gonzalez adds that other employees subjected her to a hostile work environment.[3]  She states that a coworker, Brenda Johnston, physically threatened her.  (*Id.* ¶ 19.)  Another coworker, Anne E.E. Herring, harassed her for "refusing to leave the workplace" with Johnston.  (*Id.*)  Gonzalez asserts that yet another employee, Cheryl Bates, approached Gonzalez to inform her that the employee "objected to [Gonzalez] being . . . hired with . . . veteran disability status."  (*Id.* ¶ 51.)

Second, Gonzalez contends that she experienced racial discrimination when two of her supervisors "pressured [her] to accuse" various coworkers "of racial discrimination instead of disability discrimination."  (*Id.* ¶ 91.)  Gonzalez states that she "vehemently opposed" attempts to coerce her to accuse coworkers of racial discrimination.  (*Id.*)  One of her supervisors "refused to speak to [Gonzalez] after [her] disagreement with him about racial discrimination."  (*Id.*)

Third, Gonzalez complains that DAG employees retaliated against her for certain whistleblowing activities.  She states that "on or about July 05, 2014," she noticed "irregularities with processing housing, banking, energy, research, and marketing appropriations outlined in the 2014 Farm Bill."  (*Id.* ¶ 31.)  Gonzalez reported those violations to a supervisor who then "violated [her] disability rights and removed [her] from employment" in order to protect himself.

---

[3] Gonzalez makes no allegations that her coworkers subjected her to a hostile work environment on the basis of sex.

3

(*Id.*)  Gonzalez also alleges that she was "subjected to reprisals as a result of objecting to . . . [a] program violation." (*Id.*)

According to unverified documents attached to the Second Amended Complaint, Gonzalez filed a complaint with DAG on October 10, 2014. (*See* SAC Ex. 1 "Complaint of Employment Discrimination" 13, ECF No. 16-1.)[4]  Gonzalez's initial complaint with the DAG indicates that she brought her claims for "disability discrimination, harassment, retaliation and reprisal." (*Id.*)  Gonzalez amended that complaint on November 10, 2014. (*See* SAC Ex. 1 "December 23, 2014 Letter to Gonzalez" 17, ECF No. 16-1.)  The amendments, memorialized in a December 23, 2014 DAG letter, did not specify any additional forms of discrimination, but instead added events that Gonzalez said supported her initial claims. (*See id.*)  On March 13, 2015, DAG sent Gonzalez another letter, this time indicating that her complaint had been dismissed. (*See* SAC Ex. 1 "March 13, 2015 Letter to Gonzalez" 21, ECF No. 16-1.)

On September 17, 2015, the United States Equal Employment Opportunity Commission ("EEOC") sent Gonzalez a letter, acknowledging receipt of an appeal that Gonzalez filed on August 7, 2015, challenging DAG's dismissal. (*See* SAC Ex. 1 "September 17, 2015 Letter to Gonzalez" 25, ECF No. 16-1.)  The documents submitted to the Court do not contain any information indicating that the EEOC appeal contained any claims different from those raised in her DAG complaint.  Finally, on April 5, 2018, the EEOC sent Gonzalez a letter denying her request for reconsideration of her appeal on "the bases of physical and mental disabilities and

---

[4] In the Second Amended Complaint, Gonzalez enclosed thirteen exhibits, labeling them as such. (*See* SAC 30.)  The Court's CM/ECF system, however, labeled all thirteen enclosures as a single exhibit, marking each as ECF No. 16-1.  To clarify the record, the Court cites each enclosure as ECF No. 16-1.  When citing specific pages, the Court provides the ECF page number corresponding to the information cited.

reprisal." (*See* SAC Ex. 1 "April 5, 2018 Letter to Gonzalez" 1, ECF No. 16-1.)[5]  This lawsuit followed.

**B.**    **Procedural History in this Court**

On July 3, 2018, Gonzalez filed her Complaint (the "Original Complaint").  (ECF No. 1.) On September 26, 2018, Gonzalez filed an Amended Complaint (the "First Amended Complaint"), but without any factual assertions.  (ECF No. 3.)  On November 26, 2018, Vilsack filed a Motion to Dismiss (the "First Motion to Dismiss") citing Gonzalez's failure to "include . . . any factual information supporting her claims."  (Mem. Supp. First Mot. Dismiss. 2, ECF No. 9.)  Gonzalez filed a Motion for Leave of the Court to File a More Definite Statement of the Amended Complaint.  (ECF No. 13.)

On January 25, 2019, this Court concluded that the First Amended Complaint and Gonzalez's proposed additional documentation failed to satisfy Federal Rule of Civil Procedure 8 and ordered Gonzalez to file a Second Amended Complaint by February 14, 2019.  (*See* Jan. 25 Order 1, ECF No. 14.)  Gonzalez failed to timely file a Second Amended Complaint, so the Court dismissed the First Amended Complaint without prejudice on February 15, 2019, and directed the Clerk to close the case.  (Feb. 15, 2019 Mem. Order 4, ECF No. 15.)  Four days later, on February 19, 2019, Gonzalez filed a Second Amended Complaint.  (ECF No. 16.) Given Gonzalez's *pro se* status, the Court directed the Court to reopen the case and reissue the summons for Vilsack.  (March 8, 2019 Order, ECF No. 17.)

---

[5] Gonzalez did not submit any documentation concerning the EEOC's initial dismissal of her appeal.  She attached only the letter EEOC sent denying her request for reconsideration.

In response to Gonzalez's Second Amended Complaint, Vilsack filed a Partial Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)[6] and 12(b)(6)[7] challenging fourteen of the eighteen claims in Gonzalez's Second Amended Complaint. (ECF No. 33.) Vilsack did not challenge Counts 7, 8, 10, and 12 of the Second Amended Complaint, in which Gonzalez alleged various violations of the Rehabilitation Act. On March 17, 2020, the Court granted Vilsack's Partial Motion to Dismiss and dismissed fourteen of the eighteen claims in Gonzalez's Second Amended Complaint. (*See* Mar. 17, 2020 Mem. Op & Order, ECF Nos. 39, 40.)[8] Accordingly, the following four claims in Gonzalez's Second Amended Complaint remain:

**Count 7**: Violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*;

**Count 8**: Violation of Section 501 of the Rehabilitation Act; as amended, 29 U.S.C. § 701 *et seq.*;

**Count 10**: Reprisal in Violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; and,

**Count 12**: Intentional Violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*

Following the Court's March 17, 2020 Memorandum Opinion and Order, Vilsack filed, consistent with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Virginia, his Answer to the Second Amended Complaint. (ECF No. 41.) Immediately thereafter, Gonzalez filed the present Motions, Vilsack responded, and Gonzalez replied to all

---

[6] Under Federal Rule of Civil Procedure 12(b)(1), "a party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[7] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[8] Gonzalez also filed three motions pursuant to Federal Rules of Civil Procedure 60, 60(a)(b)(1), and 59(e). (ECF Nos. 19, 21, 22.) The Court also denied those three motions. (*See* Mar. 17, 2020 Mem. Op & Order.)

but the Motion to Dismiss Defendants' Counterclaim.  The Court will consider and deny each of Gonzalez's Motions in turn.

## II.  Standard of Review

### A.     *Pro Se* Pleadings

Because Gonzalez proceeds *pro se*, the Court liberally construes her filings.  *See Erickson*, 551 U.S. at 94 ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted).  District courts have a duty to construe *pro se* pleadings liberally.  *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).  A *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action.  *Id.* (citation omitted).  The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint."  *Newkirk v. Cir. Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## III.  Analysis

### A.     **Gonzalez's Motion to Dismiss Defendant's Counterclaim**

The Court will deny Gonzalez's Motion to Dismiss Defendant's Counterclaim, (ECF No. 42), because Gonzalez misconstrues a request for costs as a counterclaim.  It is not.

In her Motion to Dismiss Defendant's Counterclaim, Gonzalez states that "[i]n its Counterclaim, [Vilsack's] request for costs alleges that, by filing the above captioned case, he believes Plaintiff should pay him."  (Mot. Dismiss Countercl. 3.)  Gonzalez says that "Plaintiff did not cause [DAG] to incur substantial expenses that support cost-shifting and Plaintiff is not liable for [Vilsack's] unreasonable and/or unnecessary costs."  (*Id.*)  Gonzalez further states that

the Secretary's "counterclaim request is not supported by a contract or statutory reference that allows him an award of attorney's fees he considers as costs incurred in defense of the above-captioned case." (*Id.*)

Construing Gonzalez's claim liberally, she interprets a section of Vilsack's Answer requesting "that Defendant be awarded costs incurred in defense of this action" as a counterclaim. (Vilsack Answer 7, ECF No. 41.) However, a request for costs under Federal Rule of Civil Procedure 54(d)(1) is not a counterclaim.

Rule 54(d)(1) states, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Otherwise, Federal Rule of Civil Procedure 13, for example, describes a "counterclaim" as "any claim that . . . arises out of the transaction or occurrence." Fed. R. Civ. P. 13(a)(1). Notably, Rule 13 provides that a counterclaim "need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party." Fed. R. Civ. P. 13(c). Vilsack does not assert a counterclaim or demand attorney's fees pursuant to Rule 13(a), but merely requests costs as provided for under Rule 54(d)(1).

Because Vilsack does not assert a counterclaim against Gonzalez, the Court will deny Gonzalez's Motion to Dismiss Defendant's Counterclaim.

**B.    Gonzalez's Rule 54(b) Motion**

The Court will deny Gonzalez's Rule 54(b) Motion because she does not identify any circumstances that would justify revising this Court's March 17, 2020 Memorandum Opinion and Order.[9] (ECF No. 43.) In her Rule 54(b) Motion, Gonzalez moves the Court to amend its

---

[9] Although Gonzalez captions her submission as a Rule 54(b) Motion, the body of the document suggests that she also brings the Rule 54(b) Motion pursuant to Rule 59(e). However,

March 17, 2020 Memorandum Opinion and Order insofar as it dismissed Counts 9, 11, and 13–15 of Gonzalez's Second Amended Complaint.

Rule 54(b) states that that any order which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration are limited to circumstances in which:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Shanklin*, 2010 WL 1781016, at *3 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

In support of her Rule 54(b) Motion, Gonzalez claims the Court's March 17, 2020 decision creates a manifest injustice in three ways. First, regarding the Court's dismissal of Count 9, the alleged violation of Section 508 of the Rehabilitation Act, Gonzalez asserts that the Court's March 17, 2020 decision dismissing her claim under the telework provisions of Section 508 "creates manifest injustice" by depriving her "of the right to fully litigate telework failure to accommodate claims." (Rule 54(b) Mot. 4, ECF No. 43.) Gonzalez further states that the Court's ruling that Section 508 of the Rehabilitation Act does not create a private right of action

---

Rule 59(e) applies only to final judgments. *See Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); *see also Shanklin v. Seals*, No. 3:07cv319, 2010 WL 1781016, at *2 (E.D. Va. May 3, 2010). Under Federal Rule of Civil Procedure 54, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" does not amount to final judgment unless the Court expressly deems it so. Fed. R. Civ. P. 54(b). Because the Court's March 17, 2020 Order was not a final judgment, Rule 59(e) does not apply.

"is contradictory to the controlling law of the Rehabilitation Act" and "will be prejudicial to her litigation." (*Id.* 5.) But the Court's finding that Section 508 does not provide a private cause of action remains accurate and is "not contradictory to controlling law." (Rule 54(b) Mot. 5.) *See Gonzalez v. Perdue*, No. 3:18cv459, 2020 WL 1281237, at *8–9 (E.D. Va. Mar. 17, 2020) ("*Gonzalez I*").

Second, Gonzalez argues that dismissal of Count 11, which involved a retaliation claim under the Rehabilitation Act that the Court found duplicative of her reprisal claim in Count 10, "deprives Plaintiff of the right to fully litigate Rehabilitation Act retaliation claims."[10] (*Id.* 6.) Nothing in Gonzalez's motion at bar alters the Court's previous finding that Count 11 duplicated Count 10.

Third, regarding her Title VII claims in Counts 13–15, Gonzalez asserts that her Title VII claims "are actionable under [sic] as underlying issues of the Rehabilitation Act and request [sic] this Court to reconsider dismissal of Counts 13–15." (*Id.* 7.) The Court properly found that Gonzalez's Title VII claims fail because, at the very least, "Title VII does not apply to disability discrimination" and "Gonzalez failed to exhaust her administrative remedies under Title VII, depriving this Court of jurisdiction." *Gonzalez I*, 2020 WL 1281237, at *9.

Gonzalez does not present circumstances warranting relief under Rule 54(b). Gonzalez does not show how the Court misunderstood either party, made a decision outside the issues presented to the court, or made an error of apprehension. *Shanklin*, 2010 WL 1781016, at *3; *Above the Belt*, 99 F.R.D. at 101. At most, Gonzalez's Rule 54(b) Motion reargues the merits of

---

[10] As to Count II, Gonzalez also posits that the Court "misunderstood that Count 11 was not a duplicate of Count 10, rather Count 11 was effective toward maintaining the required page limit for Plaintiffs response." (Rule 54(b) Mot. 6.) The Court cannot, even under a liberal reading of the Rule 54(b) Motion, identify what page limit Gonzalez refers to or discern why a page limit would bear on the Court's decision regarding the duplicative nature of her claim in Count 11.

DAG's Partial Motion to Dismiss and urges the Court to reconsider its legal determinations. But a Rule 54(b) motion, and motions for reconsideration generally, are not a vehicle to urge the Court to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt*, 99 F.R.D. at 101. Regardless, Gonzalez presents no factual or legal basis suggesting those decisions were in error.

Therefore, because Gonzalez has not presented circumstances justifying relief under Rule 54(b), Gonzalez's Rule 54(b) Motion will be denied.

### C.   <u>Gonzalez's Motion to Joinder Rehabilitation Act Claims</u>

The Court will deny Gonzalez's Motion to Joinder Rehabilitation Act Claims to the Second Amended Complaint because she cannot engraft claims on a complaint except through an amended pleading, and she already brings claims for harassment and hostile work environment under the Rehabilitation Act. Joinder would be improperly duplicative.

Reading Gonzalez's motion liberally, she is attempting, through Federal Rules of Civil Procedure 18(a)[11] and 42(a),[12] to join additional Rehabilitation Act claims regarding harassment and hostile work environment to her Second Amended Complaint, (ECF No. 48). The Court will deny this request for two reasons. First, neither Rule 18(a) nor Rule 42(a) provide an

---

[11] Federal Rule of Civil Procedure 18(a) states, in relevant part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

[12] Federal Rule of Civil Procedure 42(a) states that

[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

independent mechanism to add claims to Gonzalez's extant Second Amended Complaint. Rule 18(a) allows for joinder of claims against an opposing party. But Rule 18(a) does not apply in the circumstances of this case because Gonzalez's Motion to Joinder Rehabilitation Act Claims does "not assert an original claim . . . it merely [seeks] to amend the existing complaint by 'joining' an additional claim to it." *Mackensworth v. S.S. Am. Merch.*, 28 F.3d 246, 251 (2d Cir. 1994). In such circumstances, "once a responsive pleading has been served, a party may amend its pleading *only* by leave of the court or if the adverse party consents in writing." *Id.* (emphasis added). For Gonzalez to "join" additional claims against Vilsack, she must seek leave to amend under Federal Rule of Civil Procedure 15(a).[13]

Gonzalez also cannot properly employ Rule 42(a). Rule 42(a) speaks to combining separate "actions before the court"—it does not allow a party to add claims to his or her complaint. Again, Rule 15 functions as the exclusive mechanism adding claims to a complaint after a responsive pleading has been served. *See Mackensworth*, 28 F.3d at 251. Because Rules 18(a) and 42(a) do not provide a mechanism for joining claims to an already existing complaint, the Court concludes that Gonzalez's requests to join her Rehabilitation Act claims are procedurally improper and must deny them.

Notably, reading Gonzalez's Rehabilitation Act claims liberally, she asserts claims for harassment and hostile work environment elsewhere in her Second Amended Complaint. She explicitly states in her Second Amended Complaint that "[o]n or about July 01, 2014, I was subject to a hostile environment," and "[b]eginning on or about July 01, 2014, I was subjected to

---

[13] Gonzalez also seeks leave to file a third amended complaint. (*See* Mot. Leave, ECF No. 54.) However, for the reasons articulated below, the Court will deny Gonzalez's Motion for Leave. Therefore, even liberally interpreting Gonzalez's Motion to Joinder Rehabilitation Act Claims as a motion for leave to amend, the Court will deny her Motion to Joinder Rehabilitation Act Claims.

harassment that was verbally offensive, humiliating, and physically threatening." (SAC ¶¶ 13–14.) Considering these allegations, and Gonzalez's general assertions concerning violations of the Rehabilitation Act, the Court finds that any joinder of harassment or hostile work environment claims under the Rehabilitation Act would be improperly duplicative.

Because Gonzalez cannot join claims to an existing complaint through Federal Rules 18(a) and 42(a), and because her Second Amended Complaint already brings claims for hostile work environment or harassment under the Rehabilitation Act, the Court will deny Gonzalez's Motion to Joinder Rehabilitation Act Claims.

### D.      Gonzalez's Motion to Joinder Title VII Claims

The Court will deny Gonzalez's Motion to Joinder Title VII Claims to the Second Amended Complaint, (ECF No. 53). As stated above, Gonzalez cannot add claims to an existing complaint. More fundamentally, the Court has already dismissed Gonzalez's Title VII claims. As with her Motion to Joinder Rehabilitation Act Claims, Gonzalez seeks, through Federal Rules of Civil Procedure 18(a) and 42(a), to join Title VII claims of "harassment, hostile work environment and retaliation" to her Second Amended Complaint. (Mot. Joinder Title VII Claims 2, ECF No. 49.) In support of her request, Gonzalez "maintains her Title VII claims are like and related to her Rehabilitation Act claims in the above-captioned case." (*Id.* 1.)

The Court must decline this request for the same two reasons Gonzalez's Rehabilitation Act joinder faltered. First, neither Federal Rules of Civil Procedure 18(a) nor 42(a) provides a mechanism to join claims to an already existing complaint. *See Mackensworth*, 28 F.3d at 251. To add claims against a defendant, Gonzalez must seek leave to amend her Second Amended Complaint under Rule 15.

Also, this Court dismissed Gonzalez's Title VII Claims in its March 17, 2020 Opinion, rendering the continued inclusion of those claims in this action inappropriate. The Court already has determined that Gonzalez cannot pursue her Title VII claims because "Title VII does not apply to disability discrimination" and "Gonzalez failed to exhaust her administrative remedies under Title VII, depriving this Court of jurisdiction." *Gonzalez I*, 2020 WL 1281237, at *9. The Court dismissed Gonzalez's Title VII Claims in their entirety. Gonzalez's Motion to Joinder Title VII Claims does not present any information that the underlying circumstances supporting the Court's previous decision have changed. Without such information, Gonzalez may not circumvent this Court's ruling through the improper motion to joinder.

Because Gonzalez improperly attempts to join already dismissed Title VII claims to her Second Amended Complaint, the Court will deny her Motion to Joinder Title VII Claims.

### E. Gonzalez's Motion for Leave

The Court will deny Gonzalez's Motion for Leave to file a Third Amended Complaint, (ECF No. 54), because amendment would be futile and Gonzalez has had three opportunities to present her claims to this Court.

In her Motion for Leave, Gonzalez states that she "seeks leave to amend her complaint to facilitate justice, avoid delays and promote judicial efficiency." (Mot. Leave 1, ECF No. 54.) Gonzalez also files a Proposed Third Amended Complaint which spans nineteen (19) pages. (*See* Mot. Leave Ex. 2 "Proposed Third Amended Complaint," ECF No. 54-2.) In contrast to Gonzalez's Second Amended Complaint—which clearly enumerates eighteen causes of actions—her Proposed Third Amended Complaint does not delineate specific causes of action. (*See generally id.*)

14

### 1.   Legal Standard:  Amended Pleadings

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings.  *See*
Fed. R. Civ. P. 15.  Rule 15(a)(2) allows a party to "amend its pleading only with the opposing
party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).[14]  That same Rule
specifies that "[t]he court should freely give leave when justice so requires."  *Id.*  "The law is
well settled 'that leave to amend a pleading should be denied *only when* the amendment would
be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or
the amendment would be futile.'"  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.
1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

The Court may find an attempt to amend a complaint futile when the proposed amended
complaint fails to state a claim as required by Rule 12(b)(6).  *See US. ex rel. Wilson v. Kellogg
Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if
amending the complaint would be futile—that is, 'if the proposed amended complaint fails to
satisfy the requirements of the federal rules.'") (quoting *United States ex rel. Fowler v.
Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2009)); *Laber v. Harvey*, 438 F.3d 404, 426,
429 (4th Cir. 2006).  Similarly, denial may be justified where the proposed amended complaint
fails to meet Rule 8(a).  *See, e.g., Ciralsky v. C.I.A.*, 355 F.3d 661, 664–65 (D.C. Cir. 2004).
However, "[u]nless a proposed amendment may clearly be seen as futile . . . conjecture about the
merits of the litigation should not enter into the decision whether to allow amendment."  *Davis v.
Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).  A district court may deny leave to

---

[14] Because Gonzalez has already amended once as of course, she must obtain either
Vilsack's written consent or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  DAG opposes the
Motion for Leave, (ECF No. 55), meaning Gonzalez may only amend with the Court's
permission.  *Id.*

amend when the proposed amended complaint fails to satisfy the requirements of the Federal Rules of Civil Procedure. *Wilson*, 525 F.3d at 376.

"Although Federal Rule of Civil Procedure 15(a) does not 'place a specific limit on the number of times a court may grant a party leave to amend,' it also does not 'require a court to give a party unlimited chances to amend.'" *Frazier v. First Advantage Background Servs. Corp.*, No. 3:17cv30, 2019 WL 4601616, at *20 (E.D. Va. Sept. 23, 2019) (quoting Steven S. Gensler, Fed. R. Civ. P. Rules & Commentary 288–89 (2019) (collecting cases) (internal alterations omitted). The Supreme Court instructs that amendment may be denied after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## 2. The Court Will Deny Gonzalez's Motion for Leave Because Amendment Would Be Futile and She Has Had Three Opportunities to Present Her Claims Before the Court

The Court will deny Gonzalez's Motion for Leave for two reasons. First, amendment would prove futile as Gonzalez's proposed Third Amended Complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8.[15] Second, Gonzalez has already had three opportunities to present her claims, making further amendment inappropriate.

### a. The Proposed Third Amended Complaint Does Not Satisfy the Requirements of Rule 8 Rendering Amendment Futile

First, Gonzalez's Proposed Third Amended Complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires that a pleading seeking relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When analyzing whether a complaint fails to comply with Rule 8(a), courts may

---

[15] Federal Rule of Civil Procedure 8 states, in relevant part: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

consider various factors, including: "the length and complexity of the complaint, whether the complaint was clear enough to enable the defendant to know how to defend himself, and whether the plaintiff was represented by counsel." *N.C. v. McGuirt*, 114 F. App'x 555, 558 (4th Cir. 2004) (internal citations omitted). The balance of these factors weighs strongly against allowing Gonzalez to amend her Second Amended Complaint.

Gonzalez's nineteen-page Proposed Third Amended Complaint does not contain a "short and plain statement" showing Gonzalez is entitled to relief. Fed. R. Civ. P. 8(a)(2). Unfortunately, it muddies, rather than clarifies, the claims presented in her Second Amended Complaint. While the Second Amended Complaint alleges claims for relief based on federal constitutional provisions and statutes, Gonzalez's Proposed Third Amended Complaint does not clearly identify separate causes of action. (*See* Proposed Third Amended Complaint.) Rather, in large, sometimes convoluted, block paragraphs Gonzalez repeatedly states that she has made "*prima facie*" demonstrations of discrimination without specifying the legal basis for those claims. (*Id.* 6–8.) Furthermore, Gonzalez attempts to provide a basis for her factual allegations through disassociated quotes and extraneous details that lack necessary context and which do not identifiably relate back to the original claim.[16] (*Id.*)

---

[16] For example, in a seeming attempt to establish a claim of "deliberate indifference," Gonzalez states

> The record shows Basil I. Gooden had actual knowledge that if Plaintiff were denied reasonable accommodations her federally protected disability rights were substantially likely to be violated and he failed to act despite that knowledge when; (a) In the ROI at Exhibit 16, Page 17 of Basil I. Gooden's affidavit, states, 'I'm a Social Worker by trade', (b) In the ROI at Exhibit 16, Page 20 of Basil I. Gooden's affidavit, states; he had a discussion with Plaintiff 'about EEO' and Plaintiff told him, 'Something to the extent, 'You have EEO issues around here in Virginia.' (c) Basil I. Gooden's affidavit states his response was, 'Tell me about them. Help me understand.' See ROI, Exhibit 16, Page 21. (d) In the Record of Investigation (ROI) at Exhibit 16, Page 21 of Basil I. Gooden's affidavit states he and Plaintiff,

Considering these facts under the *McGuirt* factors, the Proposed Third Amended

Compliant fails to comply with Rule 8.  The format and "complexity of the complaint" render it

"virtually impossible to separate the legally significant from the legally insignificant facts in this

factual background and then to match them with claims purportedly made in the complaint."

*McGuirt*, 114 F. App'x at 558.  Under such circumstances, Vilsack would struggle "to know how

to defend himself," or to respond to Gonzalez's claims in a manner that would advance the

litigation in this Court.  *Id.*  The Court discerns none.  And while Gonzalez proceeds without

counsel, a *pro se* plaintiff such as Gonzalez must nevertheless allege facts sufficient to state a

cause of action.  *Bracey*, 55 F. Supp. 2d at 421 (citation omitted).  She has failed to do so here.

Because the Proposed Third Amended Complaint does not comply with Rule 8, granting

Gonzalez leave to amend "may clearly be seen as futile."  *Davis*, 615 F.2d at 613.  The Court

will therefore deny Gonzalez's Motion for Leave.

> **b.   Allowing a Third Amended Complaint Would Run Contrary
> to This Court's Obligation to Bring This Matter to a Speedy
> Resolution on the Merits**

The Court also will deny the Motion for Leave because allowing Gonzalez an additional

opportunity to amend would run contrary to this Court's obligation to bring this matter to a just

and speedy resolution.  *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure

"should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive

determination of every action and proceeding").  Gonzalez has now had three opportunities—

through her Original Complaint, First Amended Complaint, and Second Amended Complaint—

to present her claims before this Court.  It is well established that Federal Rule of Civil

---

       'talked about a lot of things.'  16, Page 16 of Basil I.  Gooden's affidavit, he admits
       Plaintiff, ' . . . and I have talked quite some time on many occasions.'

(Proposed Third Am. Compl. 7.)

Procedure 15(a) "does not 'require a court to give a party unlimited chances to amend.'"

*Frazier,* 2019 WL 4601616, at *20 (quoting Gensler, Fed. R. Civ. P. Rules & Commentary 288–89) (internal alterations omitted).

The Court afforded Gonzalez, as a *pro se* litigant, extensive leniency to articulate proper claims, including reopening the case when she untimely filed her Second Amended Complaint. The Court concludes that providing Gonzalez a third opportunity to amend runs contrary to the obligation of the Court and the Parties to apply the Federal Rules of Civil Procedure in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Where Gonzalez "has had the opportunity to test the sufficiency of [her] pleadings" three times, she "should not expect yet another opportunity." *Battle v. Burwell*, No. 14cv2250, 2017 WL 1246344, at *5 (D. Md. Apr. 5, 2017) (J. Grimm) (refusing leave to file third amended complaint); *see also Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (concluding that "the district court did not abuse its discretion in ruling that the plaintiffs' many opportunities to present their claim warranted denial of the motion to amend").

Furthermore, because Gonzalez's Proposed Third Amended Complaint is markedly less clear than her Second Amended Complaint, the Court finds "no evidence in the record that would indicate that if [she] were given further opportunities [to amend], [she] would be able to correct the deficiencies" in her pleadings. *McGuirt*, 114 F. App'x at 560. Considering these factors, this action should proceed to discovery and a resolution on the merits without further amendment or delay.

Because the Court finds that granting leave to file the Proposed Third Amended Complaint would be futile and Gonzalez has been given sufficient opportunities to present her claims before the Court, the Court will deny Gonzalez's Motion for Leave.

### F.  Rule 11 Warning to Gonzalez

The Court reminds Gonzalez of the requirements of Federal Rule of Civil Procedure 11. Rule 11(b) requires any party that signs a motion to conduct a reasonable inquiry into the facts and law underlying the submission in order to ensure that the motion is well grounded factually and legally. *See* Fed. R. Civ. P. 11(b).[17] Importantly, Rule 11 applies to both represented and *pro se* parties. *See Harmon v. O'Keefe*, 149 F.R.D. 114, 116 (E.D. Va. 1993) (internal citation omitted).

Gonzalez has now filed at least six motions that lack any good-faith basis. Many of these motions have sought reconsideration of this Court's prior decisions without a reasonable basis to do so in law or fact. (*See* ECF Nos. 19, 21, 22, 43.) Others, such as Gonzalez's present Motions for Joinder, reassert claims already included in the Second Amended Complaint or that have

---

[17] Federal Rule of Civil Procedure 11(b) reads in full:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

been previously weighed and dismissed by this Court. (*See* ECF Nos. 48, 49.)  In the instant matter, "[e]ven a brief inquiry into the Federal Rules of Civil Procedure would have revealed that these motions were not pertinent . . . and would be inevitably denied." *Price v. First Star Mortg.*, No. 2:03cv568, 2006 WL 2381921, at *3 (E.D. Va. Aug. 15, 2006).

Although the Court remains cognizant of Gonzalez's *pro se* status, *pro se* plaintiffs "must nevertheless abide by minimum standards of rationality and specificity." *In re Grenadier,* No. 1:18mc10, 2018 WL 3233648, at *7 (E.D. Va. July 2, 2018).  The filing of frivolous motions imposes costs on opposing parties and the Court, delays litigation, and fails to serve the ends of justice.

The Court therefore warns Gonzalez that her lack of counsel does not excuse her from meeting the requirements of Rule 11 and fulfilling the obligation to file only those motions that have a good-faith basis in law and fact.  Should Gonzalez continue to file frivolous motions, the Court will be constrained to consider sanctions under Rule 11(b), including monetary penalties or a prefiling injunction. *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1008 (4th Cir. 2014) ("If a court 'determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . .  although the sanction 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" (citation omitted)).

Vilsack has denied the remaining four claims made in Gonzalez's Second Amended Complaint.  Gonzalez must now participate in the gathering of evidence, consistent with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Virginia, so this matter may proceed to a resolution on the merits.

## IV.  Conclusion

For the foregoing reasons, the Court denies Gonzalez's Motion to Dismiss Defendant's Counterclaim, (ECF No. 42), Rule 54(b) Motion, (ECF No. 43), Motion to Joinder Rehabilitation Act Claims, (ECF No. 48), Motion to Joinder Title VII Claims, (ECF No. 49), and Motion for Leave, (ECF No. 54).  The Parties SHALL appear for an Initial Pretrial Conference on April 20, 2021, at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse at 1:00 p.m.

An appropriate Order shall issue.

_____
/s/
M. Hannah Lauck
United States District Judge

Date: March 19, 2021
Richmond, Virginia